940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janice E. CASTLE, Plaintiff-Appellant,
v.
CENTRAL BENEFITS MUTUAL INSURANCE COMPANY, Gerald Morrow,
Allen Heilman, Vicki Quraishi, Kathy Moore, Joyce
Massie, Mary E. Johnson, Dennis Kackley,
Defendants-Appellees.
 No. 91-3005.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Janice E. Castle, appeals the district court's grant of summary judgment to defendants-appellees, Central Benefits Mutual Insurance Co., et al., on her claim of failure to promote because of race in violation of 42 U.S.C. Sec. 1981 and conspiring to deprive her of her "rights" in violation of 42 U.S.C. Secs. 1985(3) and 1986.
 
 I.
 
 2
 In December 1985, plaintiff, Janice E. Castle, was hired by Central Benefits Mutual Insurance Co. ("Central Benefits") as a Health Claims Examiner II. Central Benefits is an Ohio corporation, which provides insurance to Blue Cross health care plan subscribers. Plaintiff's application for employment stated that she worked at Mercy Hospital for 4 1/2 years as a licensed practical nurse. Under the "brief description of duties" category, she wrote: "See resume--all nursing procedures." Her positions at two other hospitals, Mt. Carmel Medical Center and St. Anthony's Hospital, were treated similarly. The two-page resume attached to her application indicated that her duties consisted of admission arrangements, verifying insurance coverage, obtaining medical history, documentation of events, contacting physicians regarding orders, and various other nursing procedures.
 
 
 3
 During the course of her one year at Central Benefits, plaintiff filled out applications for promotions at least six times.[1] The positions plaintiff applied for were all supervisory in nature and required at a minimum one year of practical experience in the health insurance field. Defendant Central Benefits states that in each case plaintiff was denied the promotion due to her own inexperience in the health insurance field and that in each case the positions she applied for were filled by a more qualified person. Plaintiff asserts that she was denied these promotions because of her race, even though the positions to which she applied were filled by both black and white persons.
 
 
 4
 In December 1986, Ms. Castle was terminated for excessive tardiness and exhibiting disrespect toward her unit supervisor.
 
 
 5
 On June 13, 1990, plaintiff filed a complaint in the United States District Court for the Southern District of Ohio, alleging that she was harassed, denied promotional opportunities, and discharged because of her race in violation of 42 U.S.C. Sec. 1981. Plaintiff also alleged that in denying her various promotions, defendants Gerald Morrow, Allen Heilman, Vicki Quraishi, Kathy Moore, Joyce Massie, Mary E. Johnson, and Dennis Hackley (supervisory personnel at Central Benefits) conspired to intentionally discriminate against her in violation of 42 U.S.C. Secs. 1985 and 1986. On November 21, 1990, the district court granted defendants' motion for summary judgment. Plaintiff timely appealed.
 
 II.
 
 6
 We must first determine whether the district court erred in determining that plaintiff failed to state a claim under 42 U.S.C. Sec. 1981 for failure to promote.
 
 
 7
 In Patterson v. McLean Credit Union, 109 S.Ct. 2363 (1989), the Supreme Court drastically narrowed the scope of cases which could be brought pursuant to 42 U.S.C. Sec. 1981. In Patterson, the plaintiff was a black woman employed by the defendant credit union as a teller and file coordinator until she was laid off. As in the present case, Mrs. Patterson brought an action in the district court under Sec. 1981 alleging that her employers had harassed her, failed to promote her, and then discharged her, all because of race.
 
 
 8
 The Patterson Court construed 42 U.S.C. Sec. 1981, which reads as follows, narrowly:
 
 
 9
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
 
 
 10
 The Court in Patterson stated that the statute is not a "general proscription of racial discrimination in all aspects of contract relations," but is limited to the enumerated rights to make and enforce contracts. 109 S.Ct. at 2372. After identifying the narrow class of rights protected by Section 1981, the Court defined the scope of the right to make contracts as follows:
 
 
 11
 The first of these protections [the right to make contracts] extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms. But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such postformation conduct does not involve the right to make a contract, but rather implicates the performance of established contract obligations and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII.
 
 
 12
 Id. at 2372-73.
 
 
 13
 The Supreme Court found that claims of racial harassment, although reprehensible, if true, are not actionable under Sec. 1981, because Sec. 1981 does not apply to conduct which occurs after the formation of the contract and racial harassment does not interfere with the right to "enforce" established contract obligations. Id. The Court cautioned against straining the clear meaning of Sec. 1981's language and stated that it was reluctant to read Sec. 1981 broadly where the result would be to circumvent the detailed remedial scheme of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e.
 
 
 14
 In addressing Patterson's claim that her employer had failed to promote her because of race, the Court stated that the test was:
 
 
 15
 [W]hether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employee.... In making this determination, a lower court should give a fair and natural reading to the statutory phrase "the same right ... to make ... contracts," and should not strain in an undue manner the language of Sec. 1981. Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under Sec. 1981. Cf. Hishon v. King & Spaulding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (refusal of law firm to accept associate into partnership).
 
 
 16
 Id. at 2377 (emphasis added).
 
 
 17
 Following the Supreme Court's Patterson decision, courts have noted the significance of the Supreme Court's cite to Hishon v. King & Spalding, 467 U.S. 69 (1984) as an example of a promotional opportunity which creates a "new and distinct relation" between an employer and employee. As the fifth circuit stated in Harrison v. Associates Corp. of North America, 917 F.2d 195 (5th Cir.1990):
 
 
 18
 In Patterson, the Court sought to distinguish between routine increases in salary or responsibility which are clearly part of an original contract of employment and promotions which signal a new contractual relationship between employee and employer. In determining whether a particular promotion rises to the level of a new and distinct relation between employer and employee, the court must compare the nature of the employee's current duties, compensation, and benefits and duties, compensation, benefits in the different position in question. As an example of one change in employment position which constitutes a new and distinct relation, the Court cites Hishon v. King and Spalding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The plaintiff in Hishon was an associate in a law firm who alleged that she was denied partnership status because she is a woman. The Court's example is instructive. The difference between rights, duties, and compensation of associates and partners in a law firm are significant. While both the associate and the partner are attorneys, the role of the partner is supervisory and carries increased responsibility. It may also involve personal liability for the affairs of the firm. The method of compensation and amount of benefits attendant to an associate position differ from those of a partner.
 
 
 19
 Id. at 198. In applying the Patterson test, the Harrison court ruled that a promotion from C.R.T. operator to lead C.R.T. operator is the type of promotion that does not engender a new and distinct relation because although there was a raise in salary, there was no significant change in duties and responsibilities. Id. See also Malhotra v. Cotter & Co., 885 F.2d 1305, 1311 (7th Cir.1989).
 
 
 20
 In the present case, the district court determined that on a motion for summary judgment, the burden is upon the plaintiff to establish that the denied promotions would have given rise to new and distinct relationships. The district court stated:
 
 
 21
 Applying this burden to a summary judgment, plaintiff's case must fail. Under Celotex, the movant bears the initial responsibility of identifying parts of the record that demonstrate the absence of issues of material fact. In this case, the burden is on the defendants to show "that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Viewed through the evidentiary prism of Patterson, defendant needs merely to point out that plaintiff has failed to establish a material element of her case. If, as defendants argue, there arises in this case no new and distinct relationship, then plaintiff has no cause of action under Section 1981. Accordingly, the onus is now upon plaintiff "to go beyond the pleadings and by her own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324. Rule 56(e) imposes an affirmative burden on the non-movant to show the Court that facts exist to support her cause of action. This, plaintiff has failed to do.
 
 
 22
 Joint Appendix at 405-06.
 
 
 23
 We agree with this conclusion of the district court. Plaintiff has made only unsubstantiated assertions that she was seeking to enter a new and distinct contract in terms of responsibilities and pay with her employer. Plaintiff has not provided specific facts indicating that the difference in duties, responsibilities, salary, and benefits between the position which she held and those she sought to be promoted to were so significant that they involved a distinct change in the terms of the express or implied contractual relationship she had with defendant. The district court stated that if plaintiff had been able to show that the new positions resulted in a change in status from non-exempt to exempt employee or a change in benefit classification, for example, the court would have considered the claim. However, plaintiff failed to provide the court with any corroborating evidence to substantiate her claim.[2]
 
 
 24
 Because plaintiff has failed to present sufficient probative evidence concerning a critical issue, she cannot withstand defendants' motion for summary judgment. Federal Rule of Civil Procedure, Rule 56(e) requires that once a motion for summary judgment has been made, the non-moving party must go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. As the district court stated:
 
 
 25
 The problem herein for the plaintiff is not whether her evidence is to be believed, but that she has presented no evidence on this critical issue. A fair-minded jury could not return a verdict for the plaintiff on the basis of there being a new and distinct relationship between Ms. Castle and Central Benefits because other than plaintiff's unsubstantiated assertion, no evidence has been submitted as to that critical fact.
 
 
 26
 Plaintiff simply has not met her burden of proof in establishing that the promotions she sought created a "new and distinct" contractual relationship with defendants, which is required in order to meet the criterion established by the Supreme Court in Patterson for stating a claim of racial discrimination under 42 U.S.C. Sec. 1981. We therefore believe the district court correctly granted defendants' motion for summary judgment on the 21 U.S.C. Sec. 1981 claim because plaintiff failed to establish a material element of her case.
 
 III.
 
 27
 The district court concluded that even if plaintiff could have shown that the promotions she applied for would create a new and distinct employment relationship, her Sec. 1981 claim would fail because she failed to state a prima facie case. In order to establish a prima facie case of race discrimination on a section 1981 claim, a plaintiff must show by a preponderance of the evidence:
 
 
 28
 (1) that she belongs to a racial minority;
 
 
 29
 (2) that she applied for and was qualified for a desired position for which the employer was seeking applicants;
 
 
 30
 (3) that, despite her qualifications she was rejected; and
 
 
 31
 (4) that, after her rejection, the employer continued to seek applicants from persons of plaintiff's qualifications.
 
 
 32
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Jackson v. RKO Bottlers, 743 F.2d 370, 375 (6th Cir.1984).
 
 
 33
 After a careful review of the record, we agree with the district court for the reasons stated in its memorandum opinion that plaintiff would fail to meet the second element necessary for establishing a prima facie case--that she was qualified for the promotions for which the employer was seeking applicants.
 
 IV.
 
 34
 Finally, we must determine whether the district court erred in dismissing plaintiff's 42 U.S.C. 1985(3) and 1986 claims.
 
 
 35
 Plaintiff argues that the individual defendants, all supervisory employees of Central Benefits, conspired with each other to deny her promotions and terminate her in violation of 42 U.S.C. Sec. 1985(3) and 1986.
 
 
 36
 It is not necessary to reach the merits of the 42 U.S.C. Sec. 1985(3) claim, because this claim is barred by the "intra corporate conspiracy" theory. The theory states:
 
 
 37
 It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.
 
 
 38
 Nelson Radio & Supply Co., Inc. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir.1952), cert. denied, 345 U.S. 925 (1953). This circuit has decided to adopt this theory in civil conspiracy cases, holding that a corporation cannot conspire with its own agents or employees. Doherty v. American Motors Corp., 728 F.2d 334, 339 (6th Cir.1984). Although the doctrine was first developed in the contest of antitrust litigation, this court in Doherty stated, "[T]he same rule has been consistently applied in allegations of conspiracy under the Civil Rights Act." Id. This court in Doherty agreed with a second circuit decision, Herrmann v. Moore, 576 F.2d 453 (2nd Cir.1978), which applied the "intra-corporate conspiracy" doctrine to bar the plaintiff's Sec. 1985(2) claim. In Herrmann, the plaintiff had alleged a conspiracy between an educational corporation, the Brooklyn Law School, and its trustees and employees. In the present case, plaintiff is alleging a conspiracy between Central Benefits and its supervisory personnel all of whom are employees or agents of Central Benefits. Since all of the defendants are members of the same collective entity, there are not two separate "people" to form a conspiracy. We believe that this court's opinion in Doherty is dispositive of this issue. The district court's grant of defendants' motion for summary judgment on the Sec. 1985(3) claim is therefore affirmed on this ground.
 
 
 39
 As a final matter, plaintiff's claim pursuant to 42 U.S.C. Sec. 1986 must also fail, because plaintiff has failed to state a claim under Sec. 1985. Section 1986 provides a cause of action against those persons who fail to prevent or aid the commission of a conspiracy in violation of Sec. 1985. 42 U.S.C. Sec. 1986. As the district court correctly stated in its opinion, established federal case law clearly holds that absent a violation of Sec. 1985, plaintiff's Sec. 1986 claim cannot be sustained. Grimes v. Smith, 776 F.2d 1359, 1363 (7th Cir.1985); Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1985). Accordingly, the decision of the district court to dismiss plaintiff's Sec. 1986 claim is also affirmed.
 
 V.
 
 40
 For the foregoing reasons, the decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 For four of the positions plaintiff applied for, there wee two vacancies open, so she applied for a total of ten promotions. It is not clear from the record if she applied for an eleventh vacancy when Joe Gentile was replaced by Kathy Moore
 
 
 [2]
 On appeal, plaintiff argues that the medical surgical claims position was an exempt supervisory position. However, this argument was not raised before the district court and is not supported by evidence in the record, other than plaintiff's bald assertion. This court will not address an argument not raised for the first time before the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990)